IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **MICKY DAWN WADE,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00037-O-BP |
| § | |
| **WICHITA COUNTY, TEXAS,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Micky Dawn Wade ("Wade") pursuant to 28 U.S.C. § 2241 on June 1, 2021. ECF No. 1. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus as **moot**.

**I.     Background**

At the time Wade filed the instant petition, he was detained in the Wichita County Jail in Wichita Falls, Texas awaiting trial in the 89th Judicial District Court in cause nos. 59736-C (compelling prostitution), 59642-C (five counts of sexual assault of a minor), and 59641-C (failure to register). ECF No. 1 at 3. In his Petition, Wade challenged the indictments, claimed that the state trial court failed to provide him a speedy trial, and objected to excessive and oppressive bail, denial of his right to be heard, a court-appointed counsel's conflict of interest, and the Texas Governor's Executive Order and the Texas Supreme Court Emergency Order regarding COVID-19 social restrictions. *Id.* at 5-6. Wade sought a declaration that his pre-trial detention was unconstitutional and an order directing the Respondent to set-aside indictments barring further prosecution. *Id.* at 7.

According to the Docketing Statement filed in his appeal to the Court of Appeals, Second District of Texas, on September 21, 2021, Wade was convicted by a jury and assessed five consecutive life sentences on or about August 27, 2021. *See Wade v. State*, No. 02-21-00125-CR (Tex. App.—Fort Worth) available at https://search.txcourts.gov/Case.aspx?cn=02-21-00125-CR&coa=coa02 (Docketing Statement at 2) (last viewed on November 23, 2021). His appeal remains pending. *Id.*

In an "Update of Case," filed on September 9, 2021, Wade notified the Court of his conviction and again complained of violations of his rights under the Speedy Trial Act, defects in the indictments, ineffective assistance of trial counsel, and inability to represent himself. ECF No. 10 at 2. Wade sought release because of the indictment or for a fair and impartial trial. *Id.*

**II.     Legal Standards and Analysis**

Pursuant to 28 U.S.C. § 2241, a pretrial detainee may file a writ of habeas corpus in certain circumstances to raise constitutional claims in federal court. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [petitioner's pre-trial challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.") (footnote omitted). However, a state pretrial detainee's federal habeas petition is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

"Whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings."

*Chadman v. Fowler*, No. 4:17-cv-703-O, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018) (O'Connor, J.) (citing *Bailey*, 821 F.2d at 278). The Court must raise the issue of mootness *sua sponte* because "[a] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x. 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (internal citations omitted)); *see also Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980) ("Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.") (citations omitted).

Because Wade has been tried and convicted, he no longer is a pretrial detainee. Consequently, the complaints he raised in his federal habeas petition concerning the validity of the state court indictments, failure to receive a speedy trial, excessive and oppressive bail, denial of the right to be heard, his court-appointed counsel's alleged conflict of interest, and the governor's COVID-19 Executive Order and Texas Supreme Court's Emergency Order are moot. *See Wade v. Anderson*, No. 4:09-cv-684-Y, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010) (pretrial detainee's § 2241 petition denied as moot after conviction); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (same). Wade is no longer a pretrial detainee in the Wichita County Jail, and his claims arising from his pretrial detention there should be dismissed as moot.

The undersigned notes that under proper circumstances, a pretrial § 2241 petition may be recharacterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court. *See Hartfield v. Osborne*, 808 F.3d 1066, 1071-74 (5th Cir. 2015). However, such a recharacterization is not proper under the circumstances here since Wade has appealed his state convictions in the state court of appeals and is detained in the Wichita County Jail pending transfer to the Texas Department of Criminal Justice. *See Chadman*, 2018 WL 4051868, at *3 n.1. Wade's

objections to the conduct of his trial, as stated in his "Update of Case," presumably are the subject of his pending direct state appeal. Those claims must be exhausted by appeal to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief before Wade could bring a habeas petition in this Court under 28 U.S.C. § 2254. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A petitioner may be excused from the exhaustion requirement only under extraordinary circumstances, and these exceptions are narrowly applied. *Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (per curiam).

### III.     Conclusion

Because Wade is no longer a pretrial detainee in Wichita County, the claims he brought in his petition for habeas corpus under 28 U.S.C. § 2241 should be dismissed as moot. Because he has appealed his conviction and he is awaiting transfer to the Texas Department of Criminal Justice, the Court should not recharacterize his petition as a petition for habeas corpus under 28 U.S.C. § 2254. The undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) as **MOOT**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 24, 2021.

                                                Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE